## Christian Wolford, Executor, et al., v. Mary Deemer.

1. ADMINISTRATION OF ESTATES—*Allowance to Children Under Sec. 77, Chap. 3, R. S.*—Where one at the time of his death is a housekeeper, and the head of a family consisting of himself and a daughter, and leaves no widow, the daughter is entitled to an allowance out of the estate under section 77 of chapter 3 of the Revised Statutes, entitled, " Administration of Estates."

2. CONSTRUCTION OF STATUTES—*Sec. 77, Chap. 3, "Administration of Estates."*—This right is not defeated by the facts that the daughter is an adult and a widow, that while her husband was alive she did not live at her father's home, that she returned thereto at her father's request, that he agreed to pay her $2 per week for her services at home, that she owned property and had an income from other sources, and that she shares equally with her brothers and sisters under her father's will.

In Probate.—Claim under Sec. 77, Chap. 3, R. S. Appeal from the Circuit Court of Stephenson County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

J A. CRAIN, attorney for appellants.

M. Marvin, attorney for the executor of said estate.

Eckert & McDonald, attorneys for appellee; H. C. Hyde, of counsel.

Mr. Justice Dibell delivered the opinion of the court.

Upon the filing of an appraisement bill in the County Court in the estate of Christian Daughenbaugh, deceased, in which no widow's or children's award was made, Mary Deemer, a daughter of deceased, filed a petition asking that the appraisers be required to make her an award. The County Court heard and denied the petition, and Mrs. Deemer appealed to the Circuit Court, where, upon a hearing, the order of the County Court was reversed, Mrs. Deemer was found entitled to an award, and the executor was directed to proceed to cause an award to be made to her. From that order the executor and several who take under the will of deceased, appeal to this court.

Christian Daughenbaugh and Hester, his wife, lived at their home on a farm in Stephenson county for the last forty odd years of their lives. Prior to 1890 their children had all married and removed to homes of their own. Mary Deemer, a married daughter, lost her husband in October, 1890. In December, 1890, at the request of her father and mother, who were then very aged, Mrs. Deemer sold her household furniture and fixtures, broke up housekeeping and went to reside with and make her home with her said parents at their home on their farm, her father telling her at the same time that she should be well paid for whatever work she might do for them or either of them. From that time on Mrs. Deemer took care of her father and mother, looked after their welfare, did the housework for them and lived with them till the death of her mother in 1893, and thereafter continued in the same way with and for her father at his home till his death in 1899. From December, 1890, till her father's death, she had no home except with her father, and did not live anywhere else. She was the only child of her parents who lived with them from 1890

till they died. In 1896 it was agreed between Mrs. Deemer and her father that she should be paid $2 per week for what she had theretofore done and should thereafter do at her father's home while she continued to live with him. While Mrs. Deemer so lived with her parents she received $100 per year as rents and profits of the farm she and her husband occupied at the time of her husband's death. While she so lived with her father, she did work for a brother, partly at her father's home and partly at her brother's home, for which she was to receive $2 per week from her brother. She also sold her brother some personal property and loaned him some money. The estate of Christian Daughenbaugh is worth about $12,000 above liabilities. Under the will of deceased Mrs. Deemer shares equally with her brothers and sisters.

The statute relating to administration of estates, after providing for an award to a widow of certain personal property to be her sole property, to the exclusion of debts, except funeral expenses, contains the following provision:

"Sec. 77. When the person dying is at the time of his death a housekeeper, the head of a family, and leaves no widow, there shall be allowed to the children of the deceased residing with him at the time of his death (including all males under eighteen years of age, and all females) the same amount of property as is allowed to the widow by this act."

Christian Daughenbaugh was at the time of his death a housekeeper, and the head of a family, consisting of himself and his daughter. He left no widow. Mrs. Deemer was his female child residing with him at the time of his death. The proofs bring Mrs. Deemer precisely within the language of this statute. It does not say the award shall not be allowed to a child who has been married, nor to a child who has any income or property of her own, nor to a child who receives any pay or allowance from her father. It does not say that the child, to be entitled to an award, must have been wholly dependent upon the parent. The fact that her father agreed to make her some compensation for her services, does not make her any the less his child. The award

is not designed as compensation for past services. To deny this award we must refuse to give effect to the words of the statute just as they read.

The order is affirmed.